UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JAMES TOWNSEND | CIVIL ACTION |
| VERSUS | NO. 15-5033 |
| BRITISH PETROLEUM | SECTION "J"(2) |

**ORDER AND REASONS ON MOTION**

The BELO portion of the Medical Benefits Class Action Settlement Agreement in <u>In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010</u>, MDL No. 2179, Record Doc. No. 6427-1 at pp. 60-73, and this court's Case Management Orders, Record Doc. No. 14099 in MDL No. 2179 and Record Doc. No. 6 in the captioned case, provide for determination by this court, with the input of the parties, of the appropriate venue for discovery and dispositive proceedings. Pro se plaintiff Robert James Townsend has requested that this case "remain in the Eastern District of Louisiana under the Jones Act (Merchant Marine Act of 1920)." Record Doc. No. 8. Defendants have filed a Motion to Transfer Venue to the United States District Court for the Northern District of Alabama. Record Doc. No. 9. Having considered the record, the applicable law and the written submissions plaintiff and counsel for defendants, **IT IS ORDERED** that defendant's motion is GRANTED and that the instant matter is **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Middle Division, for the following reasons.

The complaint alleges that plaintiff resides in Gadsden, Alabama, which is located in Etowah County in the Northern District of Alabama, Middle Division. 28 U.S.C. § 81(a)(6).

Paragraph III(2) of this court's BELO Cases Initial Proceedings Case Management Order provides that "the factors set forth in 28 U.S.C. § 1404(a) and applicable case law" govern determination of the appropriate venue for discovery and dispositive proceedings. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applicable case law establishes that factors relevant to the court's venue determination include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). Other relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

Considering these factors and the disclosure information provided by plaintiff, Record Doc. No. 9-1, I find that the most appropriate venue for further proceedings in this BELO lawsuit is the Northern District of Alabama, Middle Division. According to his disclosures, plaintiff currently lives in Gadsden, Alabama, which is located in Etowah County in the Northern District of Alabama, Middle Division. 28 U.S.C. § 81(a)(6). Plaintiff's 2010, 2011, and 2014 tax returns also list residence addresses within Gadsden, Alabama. The witnesses who know about plaintiff's alleged injury are identified as "[p]eople where I live." Plaintiff's most recent employer is located in Gadsden, and his job before that one was in Anniston, Alabama, also located in the Northern District of Alabama. Perhaps most significantly, two of his principal medical care providers, Quality of Life Health Care in Anniston and Riverview Regional Medical Center in Gadsden, are located within the Northern District of Alabama. It follows that important and highly relevant documents, specifically plaintiff's key medical records, are located in the Northern District of Alabama.

Plaintiff's disclosures also indicate that the only significant connection between himself and this case and the Eastern District of Louisiana is the approximately five weeks during which he worked during 2013 in Golden Meadow, Louisiana. His brief statement to this court stating his preference for the case to remain in this district offers no reason relevant to the Section 1404 factors for that preference. Significantly, none of plaintiff's medical care providers are located in the Eastern District of Louisiana.

3

For the foregoing reasons, I find that venue is both proper and most appropriate in the Northern District of Alabama.  The convenience of the parties and witnesses and the interests of justice warrant transfer of this case.  A magistrate judge is authorized to transfer a case of this sort to another district.  <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1999).  Accordingly,

**IT IS ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Middle Division.

New Orleans, Louisiana, this ___19th___ day of February, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**