# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ROBERT JAMES TOWNSEND,** ]
]
    **Plaintiff,** ]
**v.** ]
]
**BP EXPLORATION & PRODUCTION,** ]    **CASE NO. 4:16-CV-301**
**INC., et. al.,** ]
]
    **Defendants.** ]
]

## MEMORANDUM OPINION

Plaintiff Townsend sued Defendants BP Exploration and Production, Inc. and BP America Production Company for injuries he allegedly suffered because he was exposed to crude oil and dispersants while performing clean-up work following the *Deepwater Horizon* oil spill in April 2010. The matter is before the court on Defendants' Motion for Summary Judgment. (doc. 45). For the reasons stated in this Memorandum Opinion, the court finds that the motion is due to be GRANTED.

## I. FACTS

Plaintiff Robert Townsend worked as a deck hand on a crew boat in the Gulf of Mexico between Brownsville, Texas and Key West, Florida during the months of August and September 2010. (doc. 53 at 12). Townsend's vessel delivered cargo to boats in Mobile Bay that were assisting with the containment of the oil spill. (doc. 53, at 4). Townsend claims that he was exposed to "chemical dispersants and crude oil," as well as a "fish-kill" that occurred during August and September 2010. (doc. 53, at 4-5). Townsend states that he has experienced the

1

following health problems as a result of the exposure: shortness of breath, abdominal pain, lymph gland enlargement, acute sinusitis, upper respiratory infection, hypertension, chronic back pain, stomach pain, swollen lymph nodes, headaches, dizziness, severe sea sickness, high blood pressure, kidney pain, contact dermatitis, and what he believes to be nerve damage. (doc. 1, at 2; doc. 53 at 5). These medical issues prevent Townsend from passing physical examinations required for him to be able to return to work aboard vessels in the Gulf of Mexico. He also fears they may lead to his death. (doc. 1 at 2).

The "Medical Benefits Class Action Settlement Agreement," approved by the United States District Court for the Eastern District of Louisiana on January 11, 2013, governs claims arising from clean-up efforts surrounding the *Deepwater Horizon* oil spill. (doc. 47, at 6). The MBCASA defines the "Medical Benefits Settlement Class" so as to include "all natural persons who resided in the United States as of April 16, 2012, and who . . . worked as clean-up workers at any time between April 20, 2010, and April 16, 2012." (doc. 47-1 at 6). Plaintiff falls under this definition and is therefore a class member whose claims are governed by the MBCASA. (doc. 53 at 12).

The MBCASA provides class members with a "Back-End Litigation Option" process to seek compensation against BP for "Later-Manifested Physical Conditions." Plaintiff chose this means to file suit against BP for his LMPC injuries. The MBCASA defines LMPCs as

> a physical condition that is first diagnosed in a [class member] after April 16, 2012, and which is claimed to have resulted from . . . exposure to oil, other hydrocarbons, or other substances released from the . . . *Deepwater Horizon* . . . and/or exposure to dispersants and/or decontaminants used in connection with the response activities . . . on or prior to April 16, 2012 for clean-up workers.

(doc. 47-1 at 18). Plaintiff submitted signed emergency room discharge letters from June 2014;

July 2014;and October 2015 (doc. 53 at 15-17), as well as a Patient Plan from April 2015 (doc. 53 at 19) to show his injuries are correctly classified as LMPCs.

## II. STANDARD OF REVIEW

When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

All evidence and inferences drawn from the underlying facts must be viewed in the light

most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

### III.  DISCUSSION

To prevail on his claims, Plaintiff must prove exposure to the dispersants and crude oil, their toxicity, and that their toxicity caused his illnesses. *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005). "This type of proof requires expert testimony." *Id.* Thus, to survive summary judgment, Plaintiff must put forth reliable expert testimony showing that there is a genuine issue for trial. However, even when taking Plaintiff's factual allegations as true and viewing the evidence in the light most favorable to him, Plaintiff has simply failed to offer sufficient expert testimony to meet his burden.

Plaintiff's evidentiary submissions regarding his alleged injuries only consist of medical records indicating multiple occasions on which he sought treatment for various types of sickness. Because this case is a toxic tort, Plaintiff must provide expert testimony linking these illnesses to exposure to toxic chemicals Plaintiff encountered in the clean-up efforts. *See McClain*, 401 F.3d at 1237. Plaintiff did not provide any expert testimony showing either exposure to toxic chemicals or that such exposure caused any injury. *See* (docs. 37, 40). Plaintiff's medical records only show that he suffered from certain illnesses, not that exposure to toxic chemicals *caused* those illnesses. Thus, even when viewed in the light most favorable to Plaintiff, the facts and

4

evidence that Plaintiff has put forth are insufficient to satisfy Plaintiff's burden to establish a toxic tort cause of action against Defendants.

For these reasons, the court finds that there is no genuine dispute of material fact and BP is entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment is therefore due to be GRANTED. The court will enter a separate order consistent with this Memorandum Opinion.

**DONE** this 25th day of September, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE